DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **FLAGSTAR BANK, FSB,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**WULSTON PAUL, a/k/a Wulstan F. Paul,** )<br>)<br>**Defendant.** )<br>_____) | Civil Action No. 2013-0113 |

**Attorneys:**
**A. Jennings Stone, Esq.,**
St. Thomas, U.S.V.I.
   *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Motion by Plaintiff, Flagstar Bank, FSB ("Flagstar" or the "Bank") to Vacate its Notice of Voluntary Dismissal in this case. (Dkt. No. 9). For the reasons that follow, the Court will grant Flagstar's Motion, convert the Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) into a dismissal without prejudice under Rule 41(a)(2), and permit Flagstar to file a new action. The Court will deny Flagstar's "Motion for Status Conference" filed pursuant to its Motion to Vacate as moot. (Dkt. No. 11).

## BACKGROUND FACTS AND PROCEDURAL HISTORY

This debt and foreclosure case returns to the Court in a unique procedural posture. Flagstar has filed two cases containing the same debt and foreclosure claims against Defendant Wulston Paul a/k/a Wulstan F. Paul ("Paul"), and now seeks to vacate the notice of dismissal in the second (instant) case in order to proceed either in this matter or in a third foreclosure action.

Flagstar filed its first case, *Flagstar v. Paul*, 12-cv-0052 (the "First Foreclosure Action"), in May 2012. The Complaint alleged that on July 21, 2009, Paul executed and delivered to Flagstar a promissory note (the "Note"), which obligated him to pay the principal amount of $225,103.00, plus interest. (Dkt. No. 1 in 12-cv-0052, ¶ 6). To secure payment on the Note, Paul executed a first priority mortgage (the "Mortgage"), also dated July 21, 2009, over real property known generally as Plot No. 77 of Estate White's Bay, West End Quarter, St. Croix, Virgin Islands. *Id.* ¶ 8. On or about December 1, 2011, Paul defaulted under the terms and conditions of the Note and Mortgage by failing to remit monthly installments of principal and interest. *Id.* ¶ 10. Flagstar provided Paul with notice of default, advising him that failure to cure the default would result in acceleration of the debt and foreclosure of the Mortgage. *Id.* ¶ 12. Paul failed to cure the default and Flagstar accelerated the principal sum with unpaid interest. *Id.* ¶¶ 13-15.

Subsequently, Paul reinstated his loan by paying all of the outstanding amounts due under the Note. (Dkt. No. 10 in 13-cv-0113). As a consequence, Flagstar voluntarily dismissed the First Foreclosure Action without a Court Order under Fed. R. Civ. P. 41(a)(1)(A)(i) on March 14, 2013. (Dkt. No. 3 in 12-cv-0052).

On July 1, 2013, Paul again defaulted under the terms of the Note and Mortgage. Flagstar brought the current action for debt and foreclosure in Case No. 13-cv-0113 (the "Current Action") on December 4, 2013, based on the same claims as the First Foreclosure Action. At that time, Flagstar believed Paul still resided in the Virgin Islands, as Flagstar's files listed only a St. Croix address for him. *See* Dkt. No. 10 at 3; Dkt. No. 10-1. On January 23, 2014, Flagstar filed a Notice that the Summons for Paul had been returned unexecuted. (Dkt. No. 4). The process server's affidavit indicated that he had diligently searched for Paul and was advised by a

neighbor that Paul "is a displaced HOVENSA employee that has moved to Canada to accept a job." (Dkt. No. 4-1).

Flagstar's counsel endeavored to locate Paul in Canada, to no avail. Flagstar provided copies of internal e-mails discussing counsel's inability to locate Paul and showing the various efforts made to find him. (Dkt. No. 10-2). On June 6, 2014, the Court entered an Order to Show Cause in the Current Action, noting that nothing had been filed in the case since January 2014 and ordering Flagstar to show cause why the matter should not be dismissed for failure to prosecute. (Dkt. No. 6). Having been unable to find Paul in Canada, let alone obtain a specific street address for him, and with no obvious prospects for finding him, Flagstar filed a Notice of Voluntary Dismissal in the Current Action on June 20, 2014, again under the provisions of Rule 41(a)(1)(A)(i). (Dkt. No. 7); (Dkt. No. 10).

Three months later, in September 2014, counsel discovered "through social media" that Paul was in Alberta, Canada, and subsequent inquiries suggested that he resided in Woodstock, New Brunswick, Canada. (Dkt. No. 10, Dkt. No. 10-3). Although additional efforts through a Canadian process server have been unsuccessful in narrowing down Paul's location further, Flagstar anticipates that Paul could, at minimum, be served by publication in the province of New Brunswick. (Dkt. No. 10 at 4).

According to Flagstar, the impediment to its proposed plan of action is that Flagstar is barred by the operation of Federal Rule of Civil Procedure 41(a)(1)(b) from pursuing its causes of action against Paul, in that two successive voluntary dismissals of a lawsuit have the effect of rendering the second dismissal as one with prejudice. Flagstar therefore seeks vacatur of its

Notice of Voluntary Dismissal in the Current Action to allow it to effect service on Paul in New Brunswick either in the current action or, alternatively, in a new lawsuit against Paul.[1]

On September 22, 2015, Flagstar filed a "Motion for Status Conference" with regard to the pending Motion to Vacate. (Dkt. No. 11).

## DISCUSSION

Rule 41(a)(1), entitled "Voluntary Dismissal," provides:

**(1)** *By the Plaintiff.*
   **(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
      (i) A notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
      (ii) A stipulation of dismissal signed by all parties who have appeared.

   **(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. *But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.*

Fed. R. Civ. P. 41(a)(1) (emphasis added). The italicized section of Rule 41(a)(1)(B), above, is known as the "two dismissal" rule. The Federal Practice & Procedure treatise describes the operation of this rule as follows:

> [A] dismissal by a plaintiff who previously has dismissed an action, in any state or federal court, based on or including the same claim, operates as an adjudication upon the merits and prevents the institution of another action on the same claim. This 'two dismissal' rule, as it is called, was intended to prevent delays and harassment caused by plaintiffs securing numerous dismissals without prejudice.

Wright & Miller, et. al., 9 *Fed. Prac. & Proc.* Civ. § 2368 (3d ed.) ("Effect of Second Dismissal on Same Claim") ("Wright & Miller § 2368").

---

[1] In this latter regard, the most recent voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) would be vacated and converted to a dismissal without prejudice pursuant to Rule 41(a)(2).

In this case, the two dismissal rule applies. After dismissing its First Foreclosure Action under Rule 41(a)(1)(A)(i), Flagstar subsequently dismissed the second lawsuit (the Current Action)—which was based on the same claims as the first action—under the same provision. As a result, the second dismissal serves as an adjudication on the merits of Flagstar's claims, and Flagstar is barred from proceeding against Paul. Fed. R. Civ. P. 41(a)(1)(B).

The Federal Practice & Procedure treatise observes that "[i]f application of the 'two dismissal' rule in a particular situation is unduly harsh, . . . the remedy is to move to vacate the former dismissal in the district court that entered the judgment on it." Wright & Miller § 2368. This has been effected by plaintiffs moving for relief from a final judgment under Rule 60(b) in order to "avoid the preclusive effect of a second voluntary dismissal of the same action." *Id.* Rule 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In considering a second voluntary dismissal under Rule 41(a)(1) as a "final judgment, order or proceeding," the Third Circuit, in *Williams v. Frey*, 551 F.2d 932 (3d Cir. 1977), *abrogated on other grounds Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988), permitted relief under Rule 60(b), and reopened the dismissed suit. *Id*. at 934-35. Other appellate courts have also allowed relief from the two dismissal rule pursuant to a Rule 60(b) motion. *See,*

5

*e.g., White v. Nat'l Football League*, 756 F.3d 585, 596 (8th Cir. 2014); *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362-63 (5th Cir. 2013); *cf. Nelson v. Napolitano,* 657 F.3d 586, 589 (7th Cir. 2011) (finding that Rule 60(b) permits such relief but affirming district court's exercise of discretion in denying Rule 60(b) motion). This authority provides support for Flagstar's position that it may pursue relief from the "two dismissal" rule under Rule 60(b).

Flagstar seeks vacatur of its second dismissal under Rule 60(b)(1)—mistake, inadvertence, surprise, or excusable neglect—maintaining that it should not be penalized for the "inadvertent lapse" by its counsel, in that "the Notice undercut Flagstar's right to seek foreclosure after Paul was located." (Dkt. No. 10 at 5).

Rule 60(b) provides "a grand reservoir of equitable power to do justice in a particular case." *Cox v. Horn,* 757 F.3d 113, 122 (3d Cir. 2014) (internal quotation marks omitted), *cert. denied sub nom. Wetzel v. Cox,* __ U.S. __, 135 S. Ct. 1548 (2015). In ruling on a Rule 60(b) motion, a court must strike "a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." *Hutchins v. Zoll Med. Corp.*, 492 F.3d 1377, 1386 (Fed. Cir. 2007) (quoting 11 Charles A. Wright, Arthur R. Miller, Mary Kay Kane, *Fed. Prac. & Proc.* § 2851, p. 227 (2d ed. 1995)); *see also Randall v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 820 F.2d 1317, 1322 (D.C. Cir. 1987) (granting Rule 60(b)(6) relief from two dismissal rule as "the mechanism by which courts temper the finality of judgments with the necessity to distribute justice"). "As made patent in *Coltec Industries, Inc. v. Hobgood,* a movant's particular situation in the context of a Rule 60(b)(6) motion is vitally important." *Sec'y of Labor v. Kaposy*, 607 F. App'x 230, 231 (3d Cir. 2015) (citing *Coltec*, 280 F.3d 262, 274-75 (3d Cir. 2002)).

6

This Court finds that the circumstances presented in this case are sufficiently extraordinary, and the equities so strongly favor Flagstar, that the Court will exercise its discretion and grant Flagstar's motion to vacate pursuant to Rule 60(b)(6). A court's decision to exercise discretion under Rule 60(b)(6) is guided by various equitable factors, including:

> "[1] the general desirability that a final judgment should not be lightly disturbed; [2] the procedure provided by Rule 60(b) is not a substitute for an appeal; [3] the Rule should be liberally construed for the purpose of doing substantial justice; [4] whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; ... [5] whether there are any intervening equities which make it inequitable to grant relief; [6] any other factor that is relevant to the justice of the [order] under attack."

*Id.* (quoting *Lasky v. Cont'l Prods. Corp.,* 804 F.2d 250, 256 (3d Cir. 1986) (quoting 6 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 60.19 (2d ed. 1985)) (alterations in original). The Court finds that these six factors weigh in favor of granting Flagstar the relief it seeks.

First, while the Court is cognizant that the finality of judgments should not be lightly disturbed, the Current Action was dismissed six months after it was filed due to the inability of Flagstar to locate Paul. The Court never reached the merits of the case. As a result, there was no judgment resolving the issues presented, and thus the impetus behind preserving the "finality of judgments"—bringing litigation on the merits to its conclusion and leaving judgments in repose—is not implicated here.

With regard to the second factor, Flagstar's invocation of Rule 60(b) is not a substitute for appeal. Again, the merits of the claims were never adjudicated by the Court, and Flagstar is not attempting to use Rule 60(b) to circumvent the time period for an appeal on the merits.

Third, allowing Flagstar to vacate its second Notice of Voluntary Dismissal (Dkt. No. 7) would fulfill the Rule's purpose of "doing substantial justice." Flagstar filed the First Foreclosure Action as a result of Paul's default. While that action was pending, Flagstar and Paul were able

to resolve the matter, as Paul reinstated his loan by paying the amounts due, thereby curing the default. Consequently and understandably, Flagstar dismissed the First Foreclosure Action without a Court Order. However, four months later, Paul again defaulted, and Flagstar filed the Current Action. It was not until the summons was returned unexecuted that Flagstar learned that Paul could not be located at the address it had on file for him, and that he was reportedly somewhere in Canada. The record reflects that Flagstar made numerous, although unsuccessful, attempts to locate him in order to proceed with the Current Action. After the Magistrate Judge issued an Order to Show Cause, Flagstar apparently believed that it would not be able to locate Paul and dismissed the Current Action pursuant to Rule 41(a)(1)(A)(i). Following that dismissal, the Bank continued to try to locate Paul, and finally located him in Woodstock, New Brunswick, Canada. Now, however, the two dismissal rule would prevent Flagstar from pursuing its claims against Paul.

The Virgin Islands is a "judicial remedy only" jurisdiction for the purpose of executing on real property that serves as security for mortgage loans. Such execution may only be affected by "an *action* of an equitable nature." 28 V.I.C. § 531(a) (emphasis added). To deny Flagstar the opportunity to vacate its dismissal—thereby permanently extinguishing its foreclosure rights— would be an "unduly harsh" result, as the Bank would be left without any recourse to recoup its debt and foreclose on the property. In view of the circumstances here, where Flagstar allowed Paul to reinstate his loan following the first default, only to be faced with a second default a few months later, together with an inability to locate Paul for service of process due to his departure from the jurisdiction without notice of an address change to Flagstar, justice would be served only by providing Flagstar with an opportunity to pursue its claims against Paul, notwithstanding the two dismissal rule.

Moreover, Flagstar has not engaged in any abusive tactics related to the filing of the two lawsuits. Initially, it worked with Paul in an effort to resolve the matter, and did so successfully. Paul, on the other hand, twice defaulted on the Note. In addition, he not only failed to inform Flagstar that he had left St. Croix, but he failed to inform the Bank that he had left the country—signaling a complete disregard for his contractual responsibilities. This situation is a far cry from the kind of scenario that the two dismissal rule was enacted to guard against—"to prevent delays and harassment caused by plaintiffs securing numerous dismissals without prejudice." Wright & Miller § 2368.

Fourth, the motion to vacate was made within a reasonable time—six months after the Current Action was voluntarily dismissed, and approximately three months after Flagstar first learned that Paul may be in New Brunswick, Canada.

Fifth, there are no "intervening equities which make it inequitable to grant relief."

Finally, when considering "any other factor that is relevant to the justice of the [order] under attack," the court may consider whether

> relief is sought from a default judgment or a judgment of dismissal where there has been no consideration of the merits, whether in the particular case the interest of deciding cases on the merits outweighs the interest in orderly procedure and in the finality of judgments[.]

*Lasky*, 804 F.2d at 256 n.10 (quoting 7 J. Moore & J. Lucas, *Moore's Fed. Prac.* at ¶ 60.19, p. 60-164 (2d ed. 1985)). Paul never appeared in the Current Action and, as indicated above, there has been no consideration of the merits. Under the circumstances here, the Court finds that the interest in deciding this case on the merits far outweighs considerations of "orderly procedure" or "finality of judgments."

In sum, the equitable factors for granting Rule 60(b)(6) relief have been met in this case.

9

**CONCLUSION**

For the reasons set forth above, the Court will grant Flagstar's Motion to Vacate Notice of Voluntary Dismissal. (Dkt. No. 10). The Court will convert the Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) filed on June 20, 2014 (Dkt. No. 7) into a dismissal without prejudice under Rule 41(a)(2), and will permit Flagstar to file a new action against Defendant Wulston F. Paul a/k/a Wulstan F. Paul.

The Court will deny Flagstar's Motion for Status Conference (Dkt. No. 11) as moot.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 30, 2015 _____/s/_____
WILMA A. LEWIS
Chief Judge